**R. Lloyd BARNES, dba Electrical Construction Company, Plaintiff and Appellant,**

**v.**

**KESLER & SONS CONSTRUCTION COMPANY, a Utah Corporation, et al., Defendants and Respondents.**

No. 14204.

Supreme Court of Utah.

April 28, 1976.

David A. Goodwill, of Foster, Cutler, Price & Goodwill, Salt Lake City, for plaintiff-appellant.

Grant S. Kesler, Salt Lake City, for defendants-respondents.

ELLETT, Justice:

Kesler had a contract to install a sprinkling system including some underground electrical wiring on a golf course.

Barnes had a subcontract from Kesler to install the electrical wiring system at an agreed price of $3848. At the date of trial, Barnes had been paid $2,078.95 leaving an unpaid amount of $1,769.05.

The evidence showed that some of the electrical wires were severed by Kesler with its digging machinery and Barnes was required to do extra work in splicing the

lines together again. It further showed that later on some of the electrical cables were burned through and had to be spliced. All burnouts, save one, were under valve boxes. The evidence further showed that 26 of the time clocks used to start the sprinkling system were burned out because of 240 volts being fed to them when they were made to be activated by 120 volts of electricity. This was occasioned by someone changing the wiring hookup in the meter-breaker combination.

Barnes testified that when he made the hookup it was correctly made and that some person unknown had tampered with the lines.

Barnes repaired the clocks and corrected the improper connections. He claimed $1,502.21 as the value of the extra work and the court found that to be the proper amount. Barnes quit the project because he claims that he was not being paid for the extras and Kesler was required to have someone else complete the repairs to the clocks and to find other shortages. The court found that those costs were allowable in the amount of $3,561. To that amount the court added the extras allowed Barnes in the amount of $1,502.21 and arrived at a figure of $5,064 (sic $5,063.21) and charged each party one half of that amount or $2,532 each.

Since Kesler had expended the $3,561 which was more than its half, judgment was awarded against Barnes for the difference between the one half ($2,532) and the unpaid balance due him under the subcontract or for $762 (sic $2,532 – 1769 = $763).

The court made no finding as to negligence on the part of the plaintiff or as to whether plaintiff had completed all the work required by the subcontract. It did make findings as follows:

The principal sum of the contract between plaintiff and defendants was $3,848.00. At the date of this lawsuit, the sum of $2,078.95 has been paid under said contract leaving a balance of $1,769.05.

The plaintiff performed additional work in splicing and repairing electrical cables and performing other services for the plaintiff on the above described project, all of which had a reasonable value of $1,501.41.

That on or about August 11, 1972, the plaintiff discontinued any further work on the project above referenced.

That the defendant performed and had performed work relating to electrical services during and after the time plaintiff performed work on the above referenced project. That the total value of the work accomplished by the defendants amounted to $5,379.82.

That of the $5,379.82 worth of work performed by the defendants, $616.00 is attributable to the replacement of a 220 volt electrical line and $1,201.20 is attributable to profit, overhead and taxes.

In order to reach a correct judgment in this case, it is necessary to determine the following additional matters:

(a) Did Barnes complete the work called for in the subcontract in a good and workmanlike manner?

(b) Did Barnes negligently hook up 120 volt lines to the 240 volt line?

(c) If Barnes failed to complete the work called for in the subcontract, what was the necessary and reasonable cost of completing the job which he was obligated to perform?

Since this case was tried to the court it is not necessary to grant a new trial. The matter is remanded to the lower court with directions to determine liability and to render a judgment consistent with this opinion.

No costs are awarded.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.